IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| COLTON MOUNTAIN SHEEP, | Cause No. CV 18-35-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JAMES SALMONSON, | |
| Respondent. | |

This case comes before the Court on Petitioner Colton Mountain Sheep's application for writ of habeas corpus under 28 U.S.C. §2254, filed February 20, 2018.  Mountain Sheep is a state prisoner proceeding pro se.

## I.    Background

Mountain Sheep was one of a group of petitioners that joined in filing what they characterized as an "En Masse Petition for Writ of Habeas Corpus 28 U.S.C. § 2254 as per Rule 23 of the Federal Rules of Civil Procedure." (Doc. 2).  The "en masse" petitioners sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana.  *Id*. at 19-33.

Mountain Sheep, and the additional petitioners, were notified that the Court would not allow them to proceed as a group and that separate cases would be opened for each.  (Doc. 1 at 2-5).  Petitioners were then ordered to respond

individually to advise the Court whether or not they wished to proceed and, if so, petitioners were directed to each complete the Court's standard habeas form. *Id*. at 5-6. Mountain Sheep did not respond to this Court's order.

### i.     Motion for Leave to Proceed in Forma Pauperis

Mountain Sheep has moved this Court to be granted in forma pauperis status. (Doc. 3). Because there is no reason to delay this matter further, Mountain Sheep's motion will be **GRANTED**.

### ii.     Supplement to Petition

In a Supplement to his Petition, Mountain Sheep asks this Court to dismiss a Burglary conviction handed down in Montana's Twenty-Second Judicial District Court, Big Horn County, in Cause No. DC-11-01. (Doc. 4 at 1).[1] The argument is premised upon what Mountain Sheep believes to be a faulty and unconstitutional state criminal charging process utilized in felony prosecutions. *Id*.[2] Mountain Sheep contends he was entitled to be prosecuted either following the empaneling of a grand jury or a preliminary probable cause hearing. *Id*.

But this Court is not able to provide Mountain Sheep the relief sought. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*,

---

[1] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3008899 (accessed March 26, 2018).
[2] All of the "en masse" petitioners filed an identical supplement, but each specified his individual state-court conviction(s).

827 F. 2d 540, 543 (9ᵗʰ Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state convictions as suggested by Mountain Sheep.  To the extent that the Supplement (Doc. 4) is construed as a Motion to Dismiss, the motion is **DENIED**.

### iii.    Exhaustion

It does not appear that Mountain Sheep has ever attempted to raise his current claim before the state courts of Montana.[3]  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe

---

[3] *See generally* Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/search (accessed March 26, 2018).

"the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

While the Court is not suggesting that the claim Mountain Sheep seeks to advance is cognizable in habeas or meritorious in nature, assuming it were, it does not relieve Mountain Sheep of the burden of first presenting such claim to the state courts. Accordingly, there are still remedies available under state law. Because Mountain Sheep has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice.

### iv.    28 U.S.C. § 2254 Petition/Failure to Prosecute

As set forth above, Mountain Sheep was ordered to advise the Court whether or not he wished to proceed in this action and, if so, to complete the Court's standard habeas form. Mountain Sheep failed to timely respond to this Court's order.

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the

4

United States District Courts or other applicable law.  See Rule 11, Section 2254

Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005).  Fed. R. Civ. P. 41(b) authorizes

the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The

Court may dismiss a case on its own motion without awaiting a defense motion.

See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon*

*Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir.

2005).

In determining whether Petitioner's failure to prosecute warrants dismissal

of the case, the Court must weigh the following five factors: "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

*v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors

favor the imposition of sanctions in most cases, while the fourth factor cuts against

a default or dismissal sanction. Thus the key factors are prejudice and availability

of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Mountain Sheep has failed to file his response within the requisite timeframe.  This

factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mountain Sheep refuses to comply with the Court's orders. Mountain Sheep's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F. 2d 128, 131 (9th Cir. 1987). Mountain Sheep's refusal to comply with the Court's order makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Respondent.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal. *Id.* Mountain Sheep was provided with the Court's standard habeas form to complete and was afforded an adequate amount of time to do so. Mountain Sheep failed to respond to the Court's order. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

7

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Mountain Sheep do not appear to make a substantial showing that he was deprived of a constitutional right.  No reasonable jurist would suggest the Court go forward with the case without Mountain Sheep's participation.  A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Mountain Sheep's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2.  To the extent that Mountain Sheep's Supplement (Doc. 4) is construed as a Motion to Dismiss, the request is DENIED.

## RECOMMENDATION

1.  Mountain Sheep's Petition (Doc. 2) should be DISMISSED because it is unexhausted and Mountain Sheep has failed to prosecute under Fed. R. Civ. P. 41(b).

2.  The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Mountain Sheep may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Mountain Sheep must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 28th day of March, 2018.


      */s/ Timothy Cavan*
      Timothy Cavan
      United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mountain Sheep is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.